**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1555-22

HERBERT GRAY,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted October 29, 2024 – Decided November 6, 2024

Before Judges Smith and Chase.

On appeal from the New Jersey Department of Corrections.

Herbert Gray, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Inmate Herbert Gray appeals from a November 1, 2022 final agency action taken by the Department of Corrections ("Department") based on allegations that he destroyed a unit telephone. Implicitly conceding that a full administrative hearing process would have been more appropriate in this circumstance, the Department urges us to remand this issue to them so that they may vacate the administrative action. After considering the arguments of both parties, we grant that request.

On November 1, 2022, the Associate Administrator of Northern State Prison, via written correspondence, concluded Gray destroyed the unit telephone, interfered with the orderly running of the unit, and interrupted other inmates' phone time. The Associate Administrator, "in an effort to correct" Gray's "inappropriate" behavior, and to get him "to conform to institutional rules[,]" notified Gray of the administration's decision to impose a sanction of thirty days loss of telephone privileges. The written decision also indicated that Gray's privileges and activities would be reinstated contingent on positive adjustments and appropriate behavior.

On appeal, Gray contends that his due process rights were violated because the administrative action taken against him failed to adhere to the procedural requirements enacted by <u>Wolff v. McDonnell</u>, 418 U.S 539 (1974)

A-1555-22

and N.J.A.C. 10A:4-9.1 (a), (b). Gray argues that he received no notice that would have allowed him the opportunity to marshal the facts in his defense and to clarify the charge. Additionally, he posits he was also not granted the opportunity to call witnesses.

Gray also maintains that no facts were mentioned to support the Associate Administrator's arbitrary action of depriving him of procedural safeguards. Lastly, Gray states that he is a member of the vulnerable population and that "N.J.S.A. 30:4-82.11(7)(a) indicates that the Commissioner of the Department of Corrections was to limit restrictions on religious, mail, and telephone privileges and that such restrictions shall only be imposed as is necessary for the safety of the inmate or others." He contends that revoking his telephone privileges without considering his blindness is contrary to his right to freedom of speech and association as well as his right to due process.

Although N.J.A.C. 10A:4-5.1(t) supports the Department's authority to issue discipline via administrative action letters, the Department asks us to remand the matter "in order to vacate the administrative action sanctions and expunge all references thereto from [Gray's] record."

Under Rule 2:9-1(b), remand to an agency of a pending appeal is appropriate for further proceedings by the agency in the interests of justice.

<u>Wilson v. Borough of Mountainside</u>, 42 N.J. 426, 442 (1964) (holding "[t]he discretionary power in a court to remand an administrative action under review for further proceedings by the agency in the interests of justice is unquestionable."). We therefore remand the matter to the Department to enable it to vacate the sanctions and expunge the matter from Gray's record. The proceedings on remand should be completed within forty-five days. We do not retain jurisdiction.

Remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION